FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

2012 MAY 14  PM 1: 23

**CASE NO.**

CLERK, US DISTRICT COURT
MIDDLE DISTRICT OF FL
JACKSONVILLE FLORIDA

JOHN MILANO, an individual,

      Plaintiff,

3:12-CV-571-J-99TJC-mcR

vs.

NCO FINANCIAL SYSTEMS, INC.,
a Pennsylvania corporation,

      Defendant.

_____/

## COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

      Plaintiff, John Milano, an individual, sues Defendant, NCO Financial Systems, Inc., a

Pennsylvania corporation, and alleges:

### *INTRODUCTION*

    1.      This is an action for violation of 15 U.S.C. §1692, *et seq.*, known more commonly

as the "Federal Fair Debt Collection Practices Act" ("FDCPA"), and Florida Statutes §559.55,

known more commonly as the "Florida Consumer Collection Practices Act" ("FCCPA"), which

prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

### *JURISDICTION*

    2.      Jurisdiction of this Court arises under 15 U.S.C §1692k, 47 U.S.C. §227 and 28

U.S.C.§1337.

### *ALLEGATIONS AS TO PARTIES*

    3.      Plaintiff, John Milano ("Mr. Milano"), is *sui juris* and a resident of Duval County,

-1-

Florida.

4.     Defendant, NCO Financial Systems, Inc. ("NCO"), is a Pennsylvania corporation doing business in Duval County, Florida.

## FACTUAL ALLEGATIONS

### A. Details Concerning Disputed Medical Debt

5.     In early October, 2011, the late father of Mr. Milano, John E. Milano ("Milano, Sr."), was hospitalized from October 4 through 11, 2011 at Community Hospital of Pasco County ("Community Hospital").

6.     After the discharge of Milano, Sr., Community Hospital billed or caused to be billed Milano, Sr. the sum of Eight Hundred Seventy-Five Dollars ($875.00) for medical services purportedly rendered during the hospitalization of Milano, Sr. ("Medical Bill").

7.     On October 18, 2011, Milano, Sr. passed away.

8.     In the course of concluding his late father's personal affairs, Mr. Milano telephoned Community Hospital in December, 2011 to inform Community Hospital that his father had passed away and that there would not be an estate opened as his father had died without assets.

9.     In response to the disclosure by Mr. Milano, Community Hospital informed Mr. Milano that after Community Hospital verified with the probate court that an estate had not been opened for Milano, Sr., Community Hospital would write off the medical debt that Milano, Sr. owed.

10.     On or about December 26, 2011, Mr. Milano sent or caused to be sent to Community Hospital written correspondence which memorialized the telephone discussion with

Community Hospital that Mr. Milano was not responsible for the Medical Bill incurred by his late father ("Medical Bill Confirmation Letter").

11.     A true and correct copy of the Medical Bill Confirmation Letter is attached hereto and incorporated herein by reference as Exhibit "A."

12.     Notwithstanding the fact that Mr. Milano disputed owing any monies for the Medical Bill, Community Hospital retained NCO for the purpose of collecting monies from Mr. Milano for the Medical Bill.

13.     The assignment of the Medical Bill to NCO by Community Hospital was with knowledge that Mr. Milano did not owe any monies under the Medical Bill.

14.     Community Hospital did not inform NCO that the Medical Bill was disputed by Mr. Milano. Alternatively, Community Hospital informed NCO that the Medical Bill was disputed by Mr. Milano.

15.     Commencing in January, 2012, NCO, through its agents, employees and/or representatives acting within the scope of their authority or whose conduct was subsequently ratified by NCO, commenced a pattern of conduct reasonably calculated to coerce Mr. Milano into paying the Medical Bill.

### B. Medical Bill Collection Practices of Defendant

16.     NCO is one of the largest medical bill collectors in the United States. With over eighty (80) years' experience, NCO has established a nationwide client base of over two thousand (2000) hospitals, academic institutions, physicians groups and healthcare systems. See, http://www.ncogroup.com/Industries/Healthcare/Overview.html.

17.     Businesses involved in the collection of medical debts have received increased

public scrutiny as a result of unscrupulous collection practices directed towards healthcare debtors and their families.

18.     Businesses collecting medical debts will often attempt to collect medical debts from the family members of a decedent patient using tactics which implicitly or even expressly state to the least sophisticated consumer that the family member is obligated to pay the medical bills of a deceased loved one when in fact no such legal obligation may exist. See, generally, "*For the Families of Some Debtors, Death Offers No Respite*," Wall Street Journal, Dec. 3, 2011; "*You're Dead? That Won't Stop the Debt Collector*," New York Times, Mar. 4, 2009.

19.     As a result of increased complaints to the Federal Trade Commission ("FTC"), the FTC commenced an investigation directed towards debt collectors attempting to collect the debts of deceased persons. After a plenary study, the FTC published "Statement of Policy Regarding Communications in Connection With the Collection of Decedents' Debts" ("FTC Decedent Debt Policy Statement") at 76 Fed. Reg. 44915.

20.     Pursuant to the FTC Decedent Debt Policy Statement, the FTC issued the following directive to medical debt collectors such as NCO:

> Based on the comments received and its law enforcement experience, the
> Commission concludes that the information that must be disclosed to avoid
> deception when collectors contact individuals with the authority to pay the
> decedent's debts depends on the circumstances. The proposed Statement
> suggested two possible disclosures: (1) That the collector is seeking payment from
> the assets in the decedent's estate; and :(2) the individual could not be required to
> use the individual's assets or assets the individual owned jointly with the decedent
> to pay the decedent's debt. These disclosures generally will be sufficient to
> prevent deception. Nevertheless, there may be circumstances in which these
> disclosures are not applicable or sufficient to prevent deception. The collector has
> the responsibility of tailoring the information it discloses to avoid misleading
> consumers.
>
> Id. at 44922.

-4-

21.     As detailed below, NCO has engaged in collection practices directed to Mr. Milano which violate the directives of the FTC Decedent Debt Policy Statement as well as state and federal consumer collection laws.

### C. Collection Communication with Plaintiff

22.     On or about January 25, 2012, NCO sent or caused to be sent to Mr. Milano correspondence, known more commonly in the collection industry as a "dunning letter," for the purpose of collecting monies from Mr. Milano for the Medical Bill ("Initial Written Communication").

23.     After receiving the Initial Written Communication, on or about February 4, 2012, Mr. Milano telephoned NCO to advise NCO that he had received the Initial Written Communication and that the debt being collected was not his debt.  In particular, Mr. Milano specifically informed NCO that the Medical Bill was an obligation of his late father who passed away in October, 2011.

24.     Notwithstanding the disclosure by Mr. Milano that he did not owe the Medical Bill, the collection representative of NCO nonetheless demanded payment of the Medical Bill directly from Mr. Milano.

25.     In response, Mr. Milano repeated that the debt was not his and hung up the telephone.

26.     After concluding his telephone discussion with NCO, Mr. Milano sent or caused to be sent to NCO a letter dated February 4, 2012 concerning the Medical Bill ("Medical Bill Dispute Letter").

27.     A true and correct copy of the Medical Bill Dispute Letter is attached hereto and

incorporated herein by reference as Exhibit "B."

28.     Pursuant to the Medical Bill Dispute Letter, Mr. Milano again informed NCO that he was not obligated to pay the Medical Bill and demanded that NCO cease from any further attempt to collect the Medical Bill from Mr. Milano.

### D.  Unlawful Credit Reporting

29.     Despite the knowledge of the dispute by Mr. Milano concerning his obligation to pay the Medical Bill, commencing in March, 2012, NCO falsely reported to a consumer reporting agency, to-wit: Experian, PLC ("Experian"), that Mr. Milano owed the sum of Eight Hundred Seventy-Five Dollars ($875.00) for the Medical Bill.

30.     In its communications to Experian, NCO failed to disclose to Experian that the Medical Bill was disputed by Mr. Milano.

### COUNT I - ACTION FOR VIOLATION OF THE
### FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.*)

31.     This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA").

32.     Mr. Milano realleges and reaffirms the allegations contained in Paragraphs 1 through 30 above as if set forth hereat in full.

33.     At all times material hereto, Mr. Milano was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

34.     At all times material hereto, Community Hospital was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

35.     At all times material hereto, the Medical Bill was a "debt" as said term is defined

under 15 U.S.C. §1692a(5).

36.     At all times material hereto, NCO was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

37.     As more particularly described above, NCO has violated the FDCPA in that NCO has:

(a)     engaged in conduct, the natural consequence of which is to harass, oppress or abuse Mr. Milano in connection with the collection of a debt in contravention of 15 U.S.C. §1692d;

(b)     used false, deceptive, or misleading representations in connection with the collection of any debt in contravention of 15 U.S.C. §1692e;

(c)     made a false representation of the character, amount or legal status of a debt in contravention of 15 U.S.C. §1692e(2)(A);

(d)     communicated to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed in contravention of 15 U.S.C. §1692e(8);

(e)     used false representations or deceptive means to collect or attempt to collect any debt in contravention of 15 U.S.C. §1692e(10); and

(f)     used unfair and unconscionable means to collect or attempt to collect a debt in contravention of 15 U.S.C. §1692f.

38.     As a direct and proximate result of the violation of the FDCPA by NCO, Mr. Milano has been damaged. The damages of Mr. Milano include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment and damage to the

credit and credit reputation of Mr. Milano.

39.    Pursuant to 15 U.S.C. §1692k, Mr. Milano is entitled to recover actual damages together with statutory damages of $1,000.00, together with court costs and reasonable attorneys fees.

40.    Mr. Milano has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, John Milano, an individual, demands judgment against Defendant, NCO Financial Systems, Inc., a Pennsylvania corporation, for damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

41.    This is action for damages for violation of the Florida Consumer Collection Practices Act ("FCCPA") brought herein pursuant to the doctrine of pendant jurisdiction.

42.    Mr. Milano realleges and reaffirms the allegations contained in Paragraphs 1 through 30 above as if set forth hereat in full.

43.    At all times material hereto, the Medical Bill constituted a "debt" or "consumer debt" as said terms are defined under Florida Statute §559.55(1).

44.    At all times material hereto, Mr. Milano was a "debtor" or "consumer debtor" as said terms are defined under Florida Statute §559.55(2).

45.    At all times material hereto, Community Hospital was a "creditor" as said term is defined under Florida Statute §559.55(3).

-8-

46.    At all times material hereto, NCO was a "debt collector" as said term is defined under Florida Statute §559.55(6).

47.    As more particularly described above, NCO has violated the FCCPA in that NCO has:

(a)    disclosed to a person other than Mr. Milano or his family information affecting the reputation of Mr. Milano, whether or not the credit worthiness, with knowledge or reason to know that the information was false in contravention of Florida Statute §559.72(5);

(b)    disclosed information concerning the existence of a debt known to be reasonably disputed by Mr. Milano without disclosing that fact in contravention of Florida Statute §559.72(6);

(c)    willfully engaged in other conduct which can reasonably be expected to abuse or harass Mr. Milano in contravention of Florida Statute §559.72(7); and

(d)    claimed, attempted or threatened to enforce a debt when NCO knew the debt was not legitimate in contravention of Florida Statute §559.72(9).

was represented by an attorney in contravention of Florida Statute §559.72(18).

48.    As a direct and proximate result of the violation of the FCCPA by NCO, Mr. Milano has been damaged. The damages of Mr. Milano include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment and damage to the credit and credit reputation of Mr. Milano.

49.    Mr. Milano has retained the undersigned law firm to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

50.    Pursuant to Florida Statute §559.77, Mr. Milano is entitled to recover actual and

punitive damages together with statutory damages of $1,000.00, together with reasonable

attorney's fees and court costs.

WHEREFORE, Plaintiff, John Milano, an individual, demands judgment for damages

against Defendant, NCO Financial Systems, Inc., a Pennsylvania corporation, together with

interest, costs and attorneys fees pursuant to Florida Statute §559.77.

## DEMAND FOR JURY TRIAL

Plaintiff, John Milano, pursuant to Rule 38, Federal Rules of Civil Procedure, demands a

trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Telefax
Attorney for Plaintiff
rphyu@aol.com

-10-

JOHN MILANO
P.O. BOX 24511
JACKSONVILLE, FL 32241-4511

December 26, 2011

Community Hospital
5637 Marine Parkway
New Port Richey, FL 34652

Re: Patient: John E. Milano $ 875.00

Dear  Community Hospital

This confirms of my recent conversation with you, that I am not responsible for John E.
Milano's hospital debt

Sincerely

John L. Milano



EXHIBIT "A"

JOHN MILANO
P.O. BOX 24511
JACKSONVILLE, FL 32241-4511

February 4, 2012

NCO Collections
P.O. Box 13584
Philadelphia, PA 19101

Re: Community Hospital New Port Richey, FL, Creditor $ 875.00

Dear NCO Collections

This confirms our conversation this date that I am not the debtor and advise you under

**Public Law 95-109, Section 805-C, the Fair
Debt Collection Practices Act,** I hereby demand
that you CEASE AND DESIST in any attempt to collect the above
debt.

If you fail to immediately comply with this demand, I will not
hesitate to file charges against you with the State of Florida,
Minnesota Department of Commerce and all Federal Agencies
empowered with enforcement.

*You are further warned that if you report this debt
after my conversation with you* and/or do not
remove the derogatory information on my credit reports after
receipt of this notice, I will take action against you for
failing to abide by the demand pursuant to the law.

Sincerely

John L. Milano

EXHIBIT "B"